UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELMER KEITH BOWMAN,

        Petitioner,

vs.                                           Case No. 3:20-cv-258-BJD-JBT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

_____

## **ORDER**

### **I.  STATUS**

Petitioner Elmer Keith Bowman filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1).  He challenges his Putnam County convictions for sexual battery and kidnaping for which he received concurrent life sentences.  Id. at 1.  Respondents filed a Response to Petition (Response) (Doc. 6) and an Appendix (Doc. 6). [1]

---

[1] The Court will refer to the appendices contained in Respondents' Appendix (Doc. 6) as "App."

Petitioner filed a Reply to State's Response (Reply) (Doc. 8).[2]  See Order (Doc. 3). [3]

The Court concludes no evidentiary proceedings are required in this Court.[4]  The pertinent facts are fully developed in the record, or the record otherwise precludes habeas relief; therefore, the Court can adequately assess the claims without any further factual development.  Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

## II.   HABEAS REVIEW

Federal courts are authorized to grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Lee v. GDCP Warden, 987 F.3d 1007, 1017 (11th Cir.) (quoting 28 U.S.C. § 2254), cert. denied, 142 S. Ct. 599 (2021). For issues previously decided by a state court on the merits, this Court must review the underlying state-court decision under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).   In doing so, a federal district

---

2 Petitioner's Appendix (Doc. 8) consists of Exhibits 1-19.  The Court will refer to these exhibits as "Ex."

3 The Court references the docket and page numbers assigned by the electronic filing system for the Petition, Response, and Reply.

4 The state court conducted an evidentiary hearing on grounds 11, 12, and 13 raised in the amended Rule 3.850 motion.

court must employ a very deferential framework. <u>Sealey v. Warden, Ga.</u> <u>Diagnostic Prison</u>, 954 F.3d 1338, 1354 (11th Cir. 2020) (citation omitted) (acknowledging the deferential framework of AEDPA for evaluating issues previously decided in state court), <u>cert. denied</u>, 141 S. Ct. 2469 (2021); <u>Shoop</u> <u>v. Hill</u>, 139 S. Ct. 504, 506 (2019) (per curiam) (recognizing AEDPA imposes "important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases").

Thus, "[u]nder AEDPA, a court cannot grant relief unless the state court's decision on the merits was 'contrary to, or involved an unreasonable application of,' Supreme Court precedent, or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" <u>McKiver v. Sec'y, Fla. Dep't of Corr.</u>, 991 F.3d 1357, 1364 (11th Cir.) (citing 28 U.S.C. § 2254(d)(1)-(2)), <u>cert. denied</u>, 142 S. Ct. 441 (2021). The Eleventh Circuit instructs:

> A state court's decision is "contrary to" clearly established federal law if the state court either reaches a conclusion opposite to the Supreme Court of the United States on a question of law or reaches a different outcome than the Supreme Court in a case with "materially indistinguishable facts." <u>Williams</u> <u>v. Taylor</u>, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle" from Supreme Court

> precedents "but unreasonably applies that principle to the facts of the prisoner's case." <u>Id</u>. at 413, 120 S. Ct. 1495.

<u>Lee</u>, 987 F.3d at 1017-18.   Therefore, habeas relief is limited to those occasions where the state court's determinations are unreasonable, that is, if no fairminded jurist could agree with them.   <u>McKiver</u>, 991 F.3d at 1364.

This is a high hurdle, not easily surmounted.   If the state court applied clearly established federal law to reasonably determined facts when determining a claim on its merits, "a federal habeas court may not disturb the state court's decision unless its error lies 'beyond any possibility for fairminded disagreement.'"   <u>Shinn v. Kayer</u>, 141 S. Ct. 517, 520 (2020) (per curiam) (quoting <u>Harrington v. Richter</u>, 562 U.S. 86, 103 (2011)).   Also, a state court's finding of fact, whether a state trial court or appellate court, is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1).   "The state court's factual determinations are presumed correct, absent clear and convincing evidence to the contrary."   <u>Sealey</u>, 954 F.3d at 1354 (quoting 28 U.S.C. § 2254(e)(1)).   <u>See</u> <u>Hayes v. Sec'y, Fla. Dep't of Corr.</u>, 10 F.4th 1203, 1220 (11th Cir. 2021) (Newsome, Circuit Judge, concurring) (recognizing the universal requirement, applicable to all federal habeas proceedings of state prisoners, set forth in 28 U.S.C. § 2254(e)(1)).   This presumption of correctness, however, applies only to findings of fact, not mixed determinations of law and fact.

4

Brannan v. GDCP Warden, 541 F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (acknowledging the distinction between a pure question of fact from a mixed question of law and fact), cert. denied, 573 U.S. 906 (2014). [5] Furthermore, the second prong of § 2254(d), requires this Court to "accord the state trial court [determination of the facts] substantial deference." Dallas v. Warden, 964 F.3d 1285, 1302 (11th Cir. 2020) (quoting Brumfield v. Cain, 576 U.S. 305, 314 (2015)), cert. denied, 142 S. Ct. 124 (2021).  As such, a federal district court may not supersede a state court's determination simply because reasonable minds may disagree about the finding.  Id. (quotation and citation omitted).

Finally, where there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgment, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then

---

[5] The Court finds the reasoning of Brannan persuasive on this point.  See McNamara v. Gov't Emp. Ins. Co., 30 F.4th 1055, 1060-61 (11th Cir. 2022) (reiterating that unpublished opinions may be cited as persuasive authority but are not binding precedent.  See Rule 32.1, Fed. R. App. P.  The Court references other unpublished decisions in this opinion, recognizing that these decisions constitute persuasive authority, not binding precedent.

presume that the unexplained decision adopted the same reasoning." <u>Wilson</u> <u>v. Sellers</u>, 138 S. Ct. 1188, 1192 (2018) (Wilson).

## III.   INEFFECTIVE ASSISTANCE OF COUNSEL

The two-part <u>Strickland</u> [6] standard governs claims of ineffective assistance of counsel. <u>Knight v. Fla. Dep't of Corr.</u>, 958 F.3d 1035, 1038 (11th Cir. 2020), <u>cert. denied</u>, 141 S. Ct. 2471 (2021).   <u>See</u> <u>Freeman v. Comm'r, Ala.</u> <u>Dep't of Corr.</u>, 46 F.4th 1193, 1220 (11th Cir. 2022) ("In an ineffective assistance of counsel claim, § 22543(d)'s terms are judged by the standard set forth in <u>Strickland v. Washington</u>.").   Pursuant to this standard, a defendant must show: (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. <u>Strickland</u>, 466 U.S. at 687.   A district court need not address both prongs if a petitioner makes an insufficient showing on one. <u>Fifield v. Sec'y, Dep't of Corr.</u>, 849 F. App'x 829, 833 (11th Cir. 2021) (per curiam) (relying on <u>Strickland</u>), <u>cert. denied</u>, 142 S. Ct. 788 (2022).

To prevail, a petitioner must successfully show his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" as well as show "the deficient

---

[6] <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

performance prejudiced the defendant, depriving him of a 'fair trial, a trial whose result is reliable.'" Raheem v. GDCP Warden, 995 F.3d 895, 908 (11th Cir. 2021) (quoting Strickland, 466 U.S. at 687), cert. denied, 142 S. Ct. 1234 (2022). Additionally, combining the deferential standard for judging the performance of counsel with the extra layer of deference that § 2254 provides, the resulting double deference "is doubly difficult for a petitioner to overcome[.]" Johnson v. Sec'y, DOC, 643 F.3d 907, 911 (2011).

"And to determine whether [Petitioner] is entitled to habeas relief[,]" this Court "must ask (1) whether the [state court] decisions were contrary to, or involved an unreasonable application of, clearly established Federal law, as determined' in Strickland, or (2) whether the . . . decisions were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Whatley v. Warden, Ga. Diagnostic & Classification Ctr., 927 F.3d 1150, 1175 (11th Cir. 2019) (citations and internal quotation marks omitted), cert. denied, 141 S. Ct. 1299 (2021). This Court must be ever mindful that a state court's decision must be given deference and latitude and therefore the AEDPA standard is, as a consequence, quite difficult to meet.

## IV.   GROUNDS

Petitioner raises six grounds: (1) "The facts surrounding the state's collateral net evidence that reveal due process violations and an inability to present a complete defense also support a claim of ineffective assistance of counsel, both actual and constructive[;]" (2) "Trial counsel[']s failure to familiarize himself with the facts and law as interpreted by the U.S. Supreme Court governing Fourth Amendment violations and the exclusionary rule support the claim of ineffective assistance[;]" (3) "The ineffective assistance provided by trial counsel[']s failure to research the facts and applicable law surrounding intercepted oral communications allowed an erroneous apprehension of statute and assumption of fact by the court to go unchallenged[;]" (4) "The facts associated with the state[']s jailhouse witness support grounds for a claim of ineffective assistance of counsel and prosecutorial misconduct[;]" (5) "Procedural violation by the court, a breach of the United States Constitution 14th Amendment, inhibited the ability to show ineffective assistance of counsel, a 6th Amendment violation[;]" (6) "Trial counsel failed to act on the defendant[']s statement to the court that he feared he would not get a fair trial in front of the judge on the bench.   This denied the protections guaranteed by the 5th, 6th, and 14th Amendments to the United States Constitution."   Petition at 21, 26, 28, 31-32, 39.

**A.   Ground One: "The facts surrounding the state's collateral net evidence that reveal due process violations and an inability to present a complete defense also support a claim of ineffective assistance of counsel, both actual and constructive."**

Petitioner exhausted ground one by raising it in his amended Rule 3.850 motion for postconviction relief (amended motion) and on appeal to the Fifth District Court of Appeal (5th DCA).[7]   Ex. 1; App. BB; App. CC; App. DD; App. EE; App. FF; App. GG.   Petitioner appealed.   App. HH.   Petitioner's counsel filed an Anders brief.[8]   App. II.   The state filed a notice of intent not to file a brief.   App. JJ.   Petitioner filed a pro se brief.   App. KK.   The state filed a notice of intent not to file a response.   App. LL.   On January 14, 2020, the 5th DCA affirmed per curiam.   App. MM.   Petitioner moved for rehearing or clarification.   App. NN.   The 5th DCA denied relief.   App. OO.   The mandate issued on March 9, 2020.   App. PP.

Ground one is due to be denied as the state court's adjudication of the claim is not contrary to or an unreasonable application of Strickland and clearly established Federal law or based on an unreasonable determination of the facts.   As such, Petitioner is not entitled to habeas relief on ground one.

---

7 Ground one of the Petition consolidates grounds 2, 3, 12, and 13 of the amended motion.

8 Anders v. California, 386 U.S. 738 (1967).

Respondents succinctly summarize Petitioner's claim:

> Ultimately under this claim, Bowman is complaining that the State did not turn over copies of the videos depicting him having B&M sex with his step-daughter. Bowman argues that this was discovery violation. Further, out of this discovery violation Bowman alleges his counsel was ineffective for failing to object to the failure to turn over the tapes, failing to view all of the tapes prior to the Williams rule hearing, failing to depose his step-daughter prior to the hearing, and failing to be prepared to offer a more complete version of the tapes to the jury to show the relationship with his step-daughter was consensual.

Response at 16.

Of import, the court conducted a hearing on the defense's motion to suppress and concerning the state's notice of intent to use similar fact evidence. App. J. After the victim attested to the events that took place which resulted in criminal charges being brought against Petitioner, Petitioner's stepdaughter, Leslie Nicole Weaver, took the stand. Id. at 95. She testified that she was forced to perform sexual acts upon her stepfather Mr. Bowman, and he videotaped the acts, sometimes without her knowledge. Id. at 96-97. Ms. Weaver explained that that they were doing methamphetamine together and during the sexual acts Petitioner would tie her up and strike her with objects. Id. at 97-99. She also attested that Petitioner had her perform some of the sexual acts in his white Ford truck and he pulled a knife on her. Id. at

100.   She said there was a camera in the truck and Petitioner made her watch herself on a laptop.   Id.   She explained the oral sex was forceful.   Id. at 101. She also described being taken to a campsite, being tied up and struck, and being made to perform oral sex.   Id. at 102.   Ms. Weaver said Petitioner would threaten her, her son, or a family member.   Id. at 103-104.

On cross-examination, Ms. Weaver admitted that she developed a drug addiction and at first she would just do drugs with Petitioner.   Id. at 106. After several months, they began to engage in sexual acts, "S and M or bondage."   Id. at 107-108.   She said she willingly went to meet Petitioner about ten times, but then she started going to meet him because of his threats. Id. at 108.   She attested that at first she was meeting Petitioner for the drugs, but then due to the threats.   Id. at 109.   On re-direct examination, she explained that it progressively got worse, and Petitioner started forcing her to do sexual acts, tying her up, hitting her, and pulling weapons on her.   Id. at 112.

Petitioner's counsel, Mr. Kevin Monahan, reported that previous defense counsel, Mr. Christopher L. Smith, "went down and he viewed all of [the videos]."   Id. at 140.   To complicate matters, child pornography videos were interspersed with the adult bondage videos seized from Petitioner's home.

The following discussion took place concerning the videos:

> MR. MONAHAN:  We weren't provided them, Judge.  Mr. Smith was permitted to go look at them, but he was – but he was denied actual – the actual film.  I think under –
>
> THE COURT:  Well, you understand why they don't make copies of this type of thing and just hand them out?
>
> MR. MONAHAN:  I didn't – I didn't quarrel with that, Judge.  I mean, I wasn't saying that.  But at the same time whereas I fully understand that—

Id. at 141.

Ultimately, the court ruled that the state could pick one video showing similar fact evidence.  Id. at 142.  The court then told Mr. Monahan he could make argument and pick out a video to show a friendly back and forth relationship between the stepdaughter and Petitioner.  Id.  After setting forth all of the similarities of the Williams Rule evidence, the court ruled that it was permitting the testimony of Ms. Weaver and allowing the state one video of Ms. Weaver with Petitioner so that the videos would not become a feature of the trial.  Id. at 143-46.  Mr. Monahan took exception to the court's ruling and the court noted Mr. Monahan's objections preserved the matter.  Id. at 146.

At the evidentiary hearing on the amended motion, Mr. Monahan testified that Mr. Smith was able to view the videos at some evidence location.

12

App. FF at 12.[9]   Mr. Monahan was unsure whether Mr. Smith was able to copy the videos.   <u>Id</u>.   When asked if he was able to make copies of the videos, Mr. Monahan responded that he was told he could not make copies "of the pornography videos."   <u>Id</u>. at 13.   "They had indicated that, but that wasn't what I was – that was not – but I didn't put in a request for that."   <u>Id</u>.

Upon further inquiry, Mr. Monahan explained that he did not view the videos, but he would have been permitted to do so.   <u>Id</u>.   He did not ask to view the videos because he discussed their content at length with Mr. Smith, previous defense counsel, and their content was already a matter of record in the investigative summaries of prior counsel.   <u>Id</u>. at 13-14.   Finally, Mr. Monahan felt like both parties (Petitioner and Ms. Weaver) came across very badly in the videos and the admission of the state's video was "a very ripe issue for appeal."   <u>Id</u>. at 17.

Based on the record, the videos were made available for inspection, and Petitioner's counsel, Mr. Smith, viewed the videos and then passed on the relevant information to Mr. Monahan.   Fla. R. Crim. P. 3.220(b)(1) (the rule provides, after giving notice, the prosecutor shall permit the defendant to inspect, copy, test, and photograph the material, except the portrayal of sexual

---

9 For each page of the transcript of the evidentiary hearing, the Court references the page number of the transcript, not the Bates number at the bottom of each page.

performance by a child or child pornography, which may not be reproduced but must be reasonably available to the defendant or defendant's counsel). Although defense counsel would have been entitled to copy the material other than any child pornography, he did not request to make any copies. At the evidentiary hearing, Mr. Monahan testified that prior to the Williams Rule hearing, Mr. Smith described the content of the videos to counsel. App. FF at 29. Mr. Monahan explained there was no particularly fruitful purpose in watching the videos as he was able to view the state's selected videos at the preliminary hearing and he made his argument and objections on the record. Id. at 30-31. Furthermore, he used the Williams Rule hearing as an investigative tool. Id. at 32.

Mr. Monahan testified that Mr. Smith had conducted the brunt of the investigation in preparation for trial. Id. at 40. However, he noted that Mr. Smith had not actually gone to the home, visited the scene, or talked to the neighbors, so Mr. Monahan tracked down the neighbors to determine if there was anything to aid the defense from that angle. Id.

In undertaking its review, the state court properly applied the two-pronged Strickland standard of review. App. EE at 2; App. GG at 2. Therefore, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1). The next inquiry is whether the state court unreasonably applied

that principle to the facts or premised its adjudication of the claim on an unreasonable determination of the facts.   Under the circumstances, the Court is not convinced that there was either an unreasonable application or an unreasonable determination of the facts.

In denying ground 2 of the amended motion, the trial court found counsel was not ineffective for failure to making an objection because the state did not violate the rules of discovery as the videos were made available for inspection and copying, in relevant part.   App. EE at 4.   The record supports the court's findings of fact.   Thus, the state court did not make an unreasonable determination of the facts.   Thus, these findings of fact are entitled to the presumption of correctness.   28 U.S.C. § 2254(e)(1).   Petitioner has not presented clear and convincing evidence to the contrary; therefore, the presumption of correctness remains.

Petitioner also claimed in ground 2 of the amended motion that his counsel was ineffective for failure to review the minutes of the hearings.   App. EE at 5.   In rejecting this contention, the trial court applied the two-pronged <u>Strickland</u> standard of review.   <u>Id</u>.   The court found Petitioner's contention conclusory and unsupported, and even assuming some failure on counsel's part to review the minutes of routine pretrial hearings, counsel's performance would not be considered outside the wide range of reasonable assistance under

prevailing professional standards.   Id.   Again, the court found neither deficient performance nor prejudice under Strickland.

Finally, in ground 2 of the amended motion, Petitioner claimed his counsel was ineffective for failure to follow up on a motion for favorable evidence.   The court found this claim non-specific and completely unsupported and conclusory.   Id.   Again, the court concluded that neither prong of Strickland had been met.   Id.

In ground 3 of the amended motion, Petitioner raised a claim comparable to that raised in ground two; however, once again, the court found there was no discovery violation by the state nor was there any inappropriate action taken by the trial court.   Id. at 5.   As such, the trial court found any objection by counsel would have been meritless.   Id.   As Mr. Monahan would not have prevailed on an objection to the court's handling of the state's alleged discovery violation, his performance was not deficient.   Counsel need not be expected to make a meritless objection that would not have obtained relief.   Brewster v. Hetzel, 913 F.3d 1042, 1056 (11th Cir. 2019).   Again, the court found neither deficient performance nor prejudice under Strickland.   App. EE at 5.

Petitioner, in ground 12 of his amended motion, claimed Mr. Monahan's failure to review the videos comprising similar fact evidence constituted ineffective assistance of counsel and contributed to the denial of the protections

under the Fifth, Sixth, and Fourteenth Amendments.   <u>See</u> App. GG at 3-4.
The court rejected Petitioner's contention based on the fact that Mr. Monahan
testified that previous counsel, Mr. Smith did not have the videos in his
possession, but he had viewed them.   <u>Id</u>. at 4.   As such, Mr. Smith and Mr.
Monahan discussed the videos at length, satisfying Mr. Monahan that he did
not need to see the videos prior to the Williams Rule hearing.   <u>Id</u>.   Indeed,
when the videos were played at the hearing, they were as described by prior
counsel.   <u>Id</u>.   Consequently, the failure to view the videos prior to the
Williams Rule hearing was insignificant to the defense.

Furthermore, at the hearing, counsel viewed the videos the state wanted
to introduce, strongly objected to their admission, and preserved the matter for
appeal.   <u>Id</u>.   Although counsel believed the sex portrayed in the videos was
consensual, it also "came across badly" as it was rough sex in exchange for
drugs.   <u>Id</u>.   Significantly for the defense, the court, after hearing testimony
and argument of counsel, only allowed one of the state's "proposed similar fact
evidence" videos.   <u>Id</u>.

The court, applying the <u>Strickland</u> two-pronged standard of review,
found counsel provided reasonably competent assistance and representation
and denied ground twelve of the amended motion.   The court explained:

17

Trial Counsel discussed the videos at length with prior Counsel and when videos were played at the preliminary hearing, he testified that videos were as Smith explained them.   Trial Counsel objected at the Williams Rule hearing and only one of the videos was let in.   Trial Counsel made a compelling argument about the consensual nature of the videos.   Neither prong of <u>Strickland</u> has been met here.

App. GG at 4.

Petitioner, in ground 13 of the amended motion, complained that counsel failed to depose Ms. Weaver, which impinged counsel's cross examination of the witness and counsel's ability to argue the admissibility of evidence, denying Petitioner the protections under the Fifth, Sixth, and Fourteenth Amendments.   At the evidentiary hearing, Mr. Monahan testified that he is inclined not to depose as many witnesses, avoiding revealing his strategy to the state.   App. FF at 20-21.   He said he probably would not have deposed Ms. Weaver but would have elected to call her if he needed more information. <u>Id</u>. at 20.   In this instance, he stated he knew the aspects of the relationship that would be favorable to the defense, and he found no need to contact her prior to the hearing.   <u>Id</u>.   Mr. Monahan explained that he usually deposes law enforcement and the victim of an offense, but Mr. Smith had already taken numerous depositions that were passed on to Mr. Monahan.   <u>Id</u>. at 21.

With regard to the ability to properly impeach a witness, Mr. Monahan stated you could use prior interviews or sworn statements for impeachment purposes.   Id. at 21-22.   As the trial court noted, "Trial Counsel had an opportunity to cross examine similar fact witness Weaver at the preliminary hearing, based on a prior statement."   App. GG at 5.   Indeed, at the hearing on the Williams Rule evidence, Mr. Monahan brought up Ms. Weaver's statement to the officers in Virginia and effectively cross-examined her concerning her previous recitation of the events.   App. J at 107-108.   He pointedly asked why she had not told the Virginia officers her current version of the events and instead told them she was meeting Petitioner to obtain drugs. Id. at 109.

In denying relief on ground 13 of the amended motion, the court found counsel provided reasonably effective assistance and the prejudice prong had not been met.   App. GG at 5.   The court reflected on the overwhelming evidence against Petitioner.   The court also noted, "[t]he testimony at the preliminary hearing presented prior sworn testimony for potential impeachment."   Id.   Finding neither prong of Strickland satisfied, the court denied ground 13.   Id.

Petitioner did not testify at the evidentiary hearing.   Mr. Monahan testified, and the trial court assessed his credibility.   This Court has "no

19

license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." Consalvo v. Sec'y for Dep't of Corr., 664 F.3d 842, 845 (11th Cir. 2011) (per curiam) (internal quotation marks omitted) (quoting Marshall v. Lonberger, 459 U.S. 422, 434 (1983)), cert. denied, 568 U.S. 849 (2012)).   In this instance, the trial court observed defense counsel's testimony and found his testimony credible; therefore, this Court declines to make any redetermination, as it must.

Upon review, in denying relief, the trial court found that neither prong of Strickland had been met, and the 5th DCA affirmed.   The Court finds the state court's determination is consistent with federal precedent.   Although unexplained, the 5th DCA's decision is entitled to AEDPA deference. Applying the look-through presumption set forth in Wilson, the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law.   Thus, ground one of the Petition is due to be denied as the state court's adjudication of the claim is not contrary to or an unreasonable application of Strickland and clearly established Federal law or based on an unreasonable determination of the facts.   As such, the Court finds Petitioner is not entitled to habeas relief on ground one.

**B.   Ground Two: "Trial counsel[']s failure to familiarize himself with the facts and law as interpreted by the U.S. Supreme Court governing**

Fourth Amendment violations and the exclusionary rule support the claim of ineffective assistance."

Petitioner exhausted ground two by raising it in ground 1 of his amended motion and on appeal to the 5th DCA.   The 5th DCA per curiam affirmed the decision of the trial court.   App. MM.   Upon review, Petitioner's claim of ineffective assistance of counsel is due to be denied as the state court's adjudication of the claim is not contrary to or an unreasonable application of Strickland or based on an unreasonable determination of the facts.

In this ground, Petitioner references the Fourth Amendment and the exclusionary rule.   To the extent Petitioner is attempting to raise a Fourth Amendment issue, that claim is barred from consideration pursuant to Stone v. Powell, 428 U.S. 465 (1976).   See Response at 22.   Although the Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects" from unreasonable searches and seizures, the Fourth Amendment itself does not include an exclusionary rule.   Davis v. United States, 564 U.S. 229, 236 (2011).   As such, exclusion is not an individual's constitutional right, and the prudential doctrine of exclusion is not meant to redress the injury to the individual caused by an unconstitutional search.   Id. (citing Stone v. Powell, 428 U.S. at 486).   Thus, the purpose of the

exclusionary rule is directed at deterring future Fourth Amendment violations by the police.

Here, the record demonstrates Petitioner had a full and fair opportunity to litigate the Fourth Amendment issue. Mr. Monahan represented Petitioner at a pre-trial hearing on a motion to suppress and cross-examined the state's witnesses. App. J. Detectives as well as an employee of the Florida Department of Law Enforcement testified. Id. The defense submitted the deposition of Mr. Gazdick without objection. Id. at 49. The court heard argument from counsel. Id. at 50-71. Thereafter, the trial court made essential findings of fact and denied the motion to suppress and supplement to motion to suppress. App. K. See Tukes v. Dugger, 911 F.2d 508, 513-14 (11th Cir. 1990), cert. denied, 502 U.S. 898 (1991). Also, there was availability of meaningful appellate review by a higher state court. App. R; App. T; App. U; App. V. See Kessler v. Sec'y of Fla. Dep't of Corr., No. 4:19cv468-MW-HTC, 2022 WL 936100, at *6 (N.D. Fla. Feb. 23, 2022) (finding petitioner had the opportunity to raise the arguments on appeal), report and recommendation adopted by 2022 WL 911673 (N.D. Fla. Mar. 29, 2022).

Therefore, ground two, to the extent it relies on the Fourth Amendment and the exclusionary rule, is not cognizable in this federal habeas proceeding. Petitioner had a full and fair opportunity to litigate the Fourth Amendment

issue, he took advantage of that opportunity, and the trial court made explicit findings on matters essential to the Fourth Amendment issue.   Therefore, under the principles of <u>Stone v. Powell</u>, federal habeas review of the Fourth Amendment claim is precluded.   <u>See</u> <u>Wainwright v. Sykes</u>, 433 U.S. 72, 79-80 (1977) ("the [United States Supreme] Court removed from the purview of a federal habeas court challenges resting on the Fourth Amendment, where there has been a full and fair opportunity to raise them in the state court").

The trial court rejected Petitioner's contention of ineffectiveness with regard to the motion to suppress and the attack on the underlying probable cause of the warrants.   After reviewing the transcript of the hearing on the motion to suppress, the trial court denied postconviction relief.   App. EE at 2-4.   The court found counsel's argument sound as he attacked the probable cause of the warrants and the warrants' overbreadth.   <u>Id</u>. at 2-4.   The court rejected Petitioner's contention that counsel should have argued that Petitioner was willing to produce the evidence and other inherently incredible arguments.   <u>Id</u>. at 3.   Additionally, the court found the record demonstrates that counsel did argue, as Petitioner asserts he should have contended, that the computer equipment should have been examined at the scene as stated in the warrant.   <u>Id</u>. at 4.

The record of the suppression hearing demonstrates the following. Counsel relied on two motions to suppress.   App. J at 5-6.   At the inception of the hearing, counsel argued that there was no probable cause to search the computer equipment.   Id. at 10.   Also, he asserted the lack of specificity and overbreadth.   Id. at 11-12.   Additionally, he argued that the warrant specifically stated that the computer would be examined at the scene, and this was not done.   Id. at 17.

In final argument, Mr. Monahan argued lack of probable cause and the lack of particularity of the search warrants.   Id. at 53.   Further, he claimed the search warrant was not strictly adhered to during the search.   Id. at 53-54.   He complained about the overbreadth of the search warrant.   Id. at 56, 58.   He contended the search should have been conducted at the scene by certified computer forensic examiners.   Id. at 59-60.   He claimed the search did not take place within the required ten-day period.   Id. at 60-62.   Finally, Mr. Monahan presented his argument based on the principles of the Fourth Amendment.   Id. at 64-65.

Again, the threshold standard of Strickland has not been met.   The reviewing court applied the Strickland two-pronged standard and found Petitioner had failed to establish any deficient performance by counsel as his performance was clearly within the wide range of reasonably competent

24

counsel.   App. EE at 2-4.   Additionally, Petitioner failed to satisfy the prejudice prong.   Id. at 2-3.

The state court's adjudication of the claim is not contrary to or an unreasonable application of Strickland and its progeny or based on an unreasonable determination of the facts.   Petitioner has not shown that the state court unreasonably applied Strickland or unreasonably determined the facts.   The trial court was objectively reasonable in its Strickland inquiry. The 5th DCA affirmed.   Applying the look through presumption described in Wilson, the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law.

As the threshold standard of Strickland has not been met, Petitioner has failed to demonstrate that the state court proceeding was fundamentally unfair and his counsel ineffective.   Thus, he has failed to demonstrate a Sixth Amendment violation under the Constitution.   The Court finds Petitioner is not entitled to habeas relief on ground two of the Petition.

**C.   Ground Three: "The ineffective assistance provided by trial counsel[']s failure to research the facts and applicable law surrounding intercepted oral communications allowed an erroneous apprehension of statute and assumption of fact by the court to go unchallenged."**

Petitioner exhausted ground three by raising it in ground 15 of his amended motion and on appeal to the 5th DCA.  The 5th DCA affirmed the decision of the trial court.  App. MM.  Upon review, ground three is due to be denied as the state court's adjudication of the claim is not contrary to or an unreasonable application of Strickland or based on an unreasonable determination of the facts.

Once again, Petitioner seems to be challenging the state court's finding of probable cause for the search and seizure of his computer equipment and the trial court's ruling on the motion to suppress.  Petitioner apparently contends that because he surreptitiously recorded his stepdaughter having sex with him, the state is precluded from using the videos as they constitute intercepted oral communication.  Petitioner's argument is unavailing.  The police did not surreptitiously obtain oral communications; they discovered the videos pursuant to a lawful search after obtaining a search warrant based on probable cause.  Of course, even if the sound on the video was prohibited, the witness, Ms. Weaver, would have testified as to the acts which took place, explaining the circumstances depicted.  See Response at 27.

In denying his amended motion, the court found Petitioner's argument both wrong and without merit as the police obtained the videos through a lawful search.  App. EE at 14.  Furthermore, the court found counsel

attacked the validity of the search warrants, although unsuccessfully, amounting to sufficient performance of counsel.   Id.   Again, the court pointed out that the record demonstrates that counsel attacked the warrants as lacking sufficient probable cause and for being overbroad, while also attacking the actions of law enforcement for exceeding the scope of the warrants.   Id. at 14-15.

To the extent Petitioner argues counsel performed deficiently for failure to object to the computer forensic evidence as surreptitious oral communications, the court found this would be a meritless objection and completely unfounded.   Id. at 15.   Counsel did not perform deficiently by failing to raise meritless objections to the court's review of the evidence and the limitations set forth by the court.   Id. at 15-16.   See Hollis v. United States, 958 F.3d 1120, 1124 (11th Cir. 2020) (per curiam) (failure to raise meritless objection not constitutionally ineffective).

In failing to satisfy the performance prong of Strickland, Petitioner's claim of ineffective assistance of counsel will not prevail.   The Court finds the state court's determination is consistent with federal precedent.   Although unexplained, the 5th DCA's decision is entitled to AEDPA deference.   After applying the look-through presumption set forth in Wilson, the Court finds the state court's ruling is based on a reasonable determination of the facts and a

reasonable application of <u>Strickland</u> and its progeny.   Thus, Petitioner is not entitled to habeas relief on ground three of the Petition.

## D.   Ground Four: "The facts associated with the state[']s jailhouse witness support grounds for a claim of ineffective assistance of counsel and prosecutorial misconduct."

Petitioner exhausted ground four by raising it in ground 11 of the amended motion and on appeal to the 5th DCA.   The trial court denied relief and the 5th DCA affirmed.   App. EE; App. MM.

The trial court conducted an evidentiary hearing on this ground.   Mr. Monahan testified that Mr. Callahan's name was not in the material he received from Mr. Smith concerning witnesses.   Ex. FF at 8.   Mr. Monahan explained that usually when he takes over a case for trial he is provided with a summary or a CD of a jailhouse informant's testimony.   In this instance, he was not provided with any material concerning Mr. Callahan's testimony.   <u>Id</u>. Mr. Monahan noted that if the name was contained in other materials, he had missed it.   <u>Id</u>. at 10.

At trial, the following occurred.   The state called Mr. James Callahan, as a witness.   App. J at 221.   On the stand, he readily admitted he had one prior felony conviction.   <u>Id</u>. at 221-22.   He also stated he was on the cell block with Petitioner while confined on pending charges.   <u>Id</u>. at 222.   Mr. Monahan

immediately asked to approach. <u>Id</u>.   He then informed the court that although this witness had been disclosed to Mr. Smith, as verified by Petitioner, Mr. Monahan was unaware of the witness. <u>Id</u>.   The court asked if counsel needed a break to prepare for the witness, and Mr. Monahan asked if Mr. Callahan could be subject to recall tomorrow. <u>Id</u>. at 223.   The court said yes. <u>Id</u>.   With that assurance from the court, Mr. Monahan withdrew any objection to Mr. Callahan's testimony. <u>Id</u>.   Mr. Callahan proceeded to testify as to what Petitioner told him about his actions with the victim. <u>Id</u>. at 224.

Mr. Monahan conducted a productive cross-examination obtaining information that Mr. Callahan was no longer in custody but had pending charges for selling oxycodone and pawning items that belonged to someone else. <u>Id</u>. at 225-26.   Mr. Callahan also testified he had one misdemeanor of dishonesty: theft. <u>Id</u>. at 227.   Upon completing his cross-examination, Mr. Monahan asked the court if Mr. Callahan would be subject to recall, and the court said he would. <u>Id</u>. at 228.

At the evidentiary hearing, Mr. Monahan attested that the court gave him an opportunity to recall Mr. Callahan.   App. FF at 10.   Mr. Monahan decided not to recall the witness as counsel did not want to put any more attention on Mr. Callahan's brief testimony. <u>Id</u>.

29

In denying post-conviction relief, the court found counsel's representation and strategy were reasonable under the circumstances. App. GG at 3. Of import, the court noted that even if counsel had been aware of the witness, Mr. Callahan's testimony would still have been allowed. <u>Id</u>. Moreover, the court recognized that when counsel realized he was unaware of the witness, he immediately asked for a sidebar to alert the court of the surprise witness, conferred with his client about the nature and potential content of Mr. Callahan's testimony, and made the determination to not recall the witness or further highlight his testimony. <u>Id</u>. After considering counsel's actions, the court found neither deficient performance nor prejudice under <u>Strickland</u>. <u>Id</u>.

The Court finds the state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u> or based on an unreasonable determination of the facts. Applying the look-through presumption set forth in <u>Wilson</u>, the Court finds the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law. Petitioner has failed to demonstrate that the state court unreasonably applied <u>Strickland</u> or unreasonably determined the facts. Thus, the 5th DCA's decision, although unexplained, is entitled to AEDPA deference. Petitioner is not entitled to habeas relief on ground four of the Petition.

**E.   Ground Five: "Procedural violation by the court, a breach of the United States Constitution 14th Amendment, inhibited the ability to show ineffective assistance of counsel, a 6th Amendment violation."**

In ground five, Petitioner contends that the state court erred in not permitting him leave to amend his claims as they were deemed facially insufficient to warrant relief.[10]   Petition at 32.   This claim does not present a cognizable federal claim for habeas relief and is due to be denied.   See Response at 31-32.   The purpose of a federal habeas corpus proceeding is to review the lawfulness of a petitioner's custody to determine whether that custody is in violation of the Constitution or law or treaties of the United States.[11]   Coleman v. Thompson, 501 U.S. 722, 730 (1991).   "Without a cognizable federal constitutional claim, there can be no federal habeas corpus relief."   Fuster-Escalona v. Fla. Dep't of Corr., 170 F. App'x 627, 630 (11th Cir. 2006) (per curiam) (citing Herrera v. Collins, 506 U.S. 390, 400 (1993)), cert. denied, 549 U.S. 1213 (2007).

---

10  Ground five of the Petition consolidates grounds 4-10 of the amended motion.

11  A federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a).

31

On habeas review, a federal court's only concern is whether the defendant was convicted in violation of his constitutional rights. Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir. 1993). Since the reviewing court is strictly limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Therefore, "[t]his limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (per curiam) (quoting Willeford v. Estelle, 538 F.2d 1194, 1998 (5th Cir. 1976)). Indeed, "state law is what the state courts say it is." Pinkney v. Sec'y, DOC, 876 F.3d 1290, 1299 (11th Cir. 2017), cert. denied, 139 S. Ct. 193 (2018).

Here, Petitioner contends that the state trial court violated his due process rights when it failed to permit him to amend his claims before denying them as insufficient. As noted by the Eleventh Circuit,

> This Court has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief. See, e.g., Anderson v. Sec'y for Dep't of Corr., 462 F.3d 1319, 1330 (11th Cir. 2006) (per curiam); Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (per curiam). The reasoning behind this

well-established principle is straightforward: a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment-<u>i.e.</u>, the conviction itself-and thus habeas relief is not an appropriate remedy. <u>See</u> <u>Quince</u>, 360 F.3d at 1261-62; <u>Spradley</u>, 825 F.2d at 1568. Moreover, such challenges often involve claims under state law-for example, Florida Rules of Criminal Procedure 3.850 and 3.851, which govern the availability of, and procedures attendant to, post-conviction proceedings in Florida-and "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." <u>See</u> <u>McCullough v. Singletary</u>, 967 F.2d 530, 535 (11th Cir. 1992).

<u>Carroll v. Sec'y, DOC</u>, 574 F.3d 1354, 1365 (11th Cir. 2009), <u>cert. denied</u>, 558 U.S. 995 (2009).

In ground five, Petitioner has not articulated a cognizable claim for federal habeas corpus relief. <u>Pinkney</u>, 876 F.3d at 1299 ("a habeas petition grounded on issues of state law provides no basis for habeas relief"). Thus, the claim raised in ground five is due to be denied as it is not a cognizable claim on federal habeas review since Petitioner is challenging the postconviction proceedings, not the validity of his detention or conviction. <u>See</u> <u>Jeffus v. Sec'y, Fla. Dep't of Corr.</u>, 759 F. App'x 773, 776 (11th Cir. 2018) (per curiam) (finding claims concerning alleged defects in subsequent habeas proceedings not cognizable under § 2254). Procedural violations during a state post-conviction

proceeding are not related to the cause of detention and therefore cannot form a basis for federal habeas relief.   As such, there has been no breach of a federal constitutional mandate and this claim is due to be denied.

In the alternative, to the extent Petitioner is contending the cumulative effect of counsel's alleged failures and deficiencies entitles him to habeas relief, that claim is also due to be denied.   See Petition at 32; Reply at 26-27.   If there is no error or only a single error, there can be no cumulative error. Pierre v. United States, No. 18-12038-A, 2019 WL 5967873, at *2 (11th Cir. May 30, 2019) (not reported in F. Rptr.) (citing United States v. Gamory, 635 F.3d 480, 497 (11th Cir. 2011)).   As noted by Petitioner, the state court found Petitioner failed to satisfy one or both prongs under Strickland for each contention.   See Petition at 32.   The 5th DCA affirmed.   Petitioner has failed to establish that the state court's decision denying his claim of ineffective assistance of counsel was contrary to or an unreasonable application of federal law.   Petitioner has not shown that the state court unreasonably determined the facts.   Finally, Petitioner has failed to show a reasonable probability exists that the outcome of the case would have been different if his counsel had given the assistance that Petitioner has alleged should have been provided.   As such, Petitioner is not entitled to habeas relief on this claim of the cumulative effect of trial counsel's errors.

The 5th DCA's decision, although unexplained, is entitled to AEDPA deference.   Under Wilson, applying the look through presumption described therein, the Court finds the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law.   As such, the state court's adjudication of the claim is not contrary to or an unreasonable application of Strickland and clearly established Federal law or based on an unreasonable determination of the facts.   Petitioner is not entitled to habeas relief on ground five of the Petition.

**F.   Ground Six: "Trial counsel failed to act on the defendant[']s statement to the court that he feared he would not get a fair trial in front of the judge on the bench.   This denied the protections guaranteed by the 5th, 6th, and 14th Amendments to the United States Constitution."**

Petitioner raised a comparable claim in ground 17 of the amended motion and on appeal to the 5th DCA.   The trial court denied relief and the 5th DCA affirmed.   App. MM.

The trial court, in denying postconviction relief, found that Petitioner's mere dissatisfaction with the court's ruling on the Williams Rule evidence would not be grounds for recusal of the presiding judge and neither prong of Strickland had been met.   App. EE at 16.   The court stated it had complied

with proper rules and procedures and any objection by counsel would have been meritless.  <u>Id</u>. at 17.   The court also determined that any argument that the judge took an adversarial role in the proceedings would also be rejected as meritless and unsupported by the record.  <u>Id</u>.   Finally, the court denied ground 17 of the amended motion finding Petitioner had failed to satisfy the requirements of <u>Strickland</u>.  <u>Id</u>. at 17.   Failure to meet either prong is fatal to his claim.

Here, Petitioner's mere subjective fears based on unfavorable rulings of the trial court are insufficient to support disqualification.   "Under Florida law, the standard for reviewing the legal sufficiency of a motion to disqualify is whether the facts alleged, which must be assumed to be true, would cause the movant to have a 'well-founded fear that he would not receive a fair trial.' <u>Mansfield v. State</u>, 911 So. 2d 1160, 1171 (Fla. 2005)."   <u>Fonteyne v. McDonough</u>, No. 8:04-CV-864-T-27TGW, 2007 WL 4116501, at *6 (M.D. Fla. Nov. 14, 2007) (not reported in F.Supp.2d).   Based on Florida law, the fear must be well-founded and objectively reasonable.   <u>Id</u>.

There is a strong presumption in favor of competence, and given defense counsel's actions, his performance was not deficient.   A defense attorney need not make a meritless motion that would not have obtained relief.   <u>Brewster</u>, 913 F.3d at 1056.   Petitioner's counsel did not perform deficiently in this

regard.   Mr. Monahan made a strong argument supporting the motion to suppress but the court allowed limited similar fact evidence, a decision not evincing personal bias or prejudice.   A trial judge has broad discretion concerning the admission of evidence under Florida law.   <u>White v. State</u>, 817 So. 2d 799, 805-807 (Fla.) (per curiam), <u>cert. denied</u>, 537 U.S. 1091 (2002). Based on the record, defense counsel did not have a good faith basis to move to recuse the trial judge as the judge was well within his discretion in rendering the decision on the Williams Rule evidence.   Of import, after hearing argument, the court restricted the number of admissible videos so that the evidence did not become a feature of the trial, a decision considered to be favorable to Petitioner in light of the fact that the videos at issue depicted the use of illegal drugs, bondage, and extremely rough sex with Petitioner's stepdaughter.

Here, Petitioner's claim of judicial bias was based on speculative assertions of bias or prejudice.   Any motion for recusal would have been rejected as legally insufficient, as evidenced by the decision of the trial court on postconviction review.   In this regard, a federal court must defer to the state court's interpretation of its state law and any failure of counsel to raise the disqualification issue did not amount to deficient performance, nor could Petitioner meet the prejudice prong under <u>Strickland</u> as the issue had no

arguable basis for success.   <u>Knight v. Sec'y, Fla. Dep't of Corr.</u>, No. 17-12284-F, 2017 WL 5593485, at *4 (11th Cir. Aug. 22, 2017) (not reported in F. Rptr.).

Upon review, Petitioner cannot satisfy the "contrary to" test as the state court rejected the claims of ineffective assistance of counsel based on <u>Strickland</u>.   28 U.S.C. § 2254(d)(1).   Without satisfying the two-pronged standard of <u>Strickland</u>, Petitioner cannot prevail on his claims of ineffective assistance of counsel.   Finally, Petitioner has failed to demonstrate the state court proceeding was fundamentally unfair.

The Court finds the state court's determination is consistent with federal precedent and is entitled to deference even though the 5th DCA's decision is unexplained.   Applying the look-through presumption set forth in <u>Wilson</u>, the Court finds the state court's ruling is based on a reasonable determination of the facts and a reasonable application of <u>Strickland</u> and clearly established Federal law.   Therefore, Petitioner is not entitled to habeas relief on ground six of the Petition.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2.    This action is **DISMISSED WITH PREJUDICE**.

3.    The **Clerk** shall enter judgment accordingly and close this case.

4.      If Petitioner appeals the denial of his Petition (Doc. 1), **the Court denies a certificate of appealability**. [12]   Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.   Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of December, 2022.

BRIAN J. DAVIS
United States District Judge

sa 12/2
c:
Elmer Keith Bowman
Counsel of Record

---

[12]  This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.